WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Bradley William Kennedy,

    Petitioner,

v.

Gerald Thompson, et al.,

    Respondents.

No. CV-17-04300-PHX-GMS

**ORDER**

Pending before the court is Petitioner Bradley William Kennedy's Petition for a Writ of Habeas Corpus. (Doc. 1). Magistrate Judge Eileen S. Willett's Report and Recommendation ("R&R"), (Doc. 14), recommends that Kennedy's petition be dismissed and that no certificate of appealability be granted. Kennedy timely filed Objections. (Doc. 15). The Attorney General of the State of Arizona filed a Response to the Objections. (Doc. 16). Kennedy's Petition is untimely and is therefore dismissed with prejudice.

## BACKGROUND

Because no party has objected to the factual and procedural background as set forth in the R&R, the Court adopts the background as an accurate account.

## DISCUSSION

In his petition, Kennedy asserts several grounds for habeas relief. (Doc. 1). However, the initial inquiry is whether Kennedy's petition is timely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The R&R correctly concludes that Kennedy's petition is untimely and should therefore be dismissed with prejudice.

**I.  Legal Standards**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**II.  Analysis**

AEPDA established a strict statute of limitations for the filing of federal habeas petitions. Such a petition must be filed within one year of the latest of four circumstances. *See* 28 U.S.C. § 2244(d)(1). The relevant period for this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* (d)(1)(a). The one-year period, however, is often subject to tolling. AEDPA tolls the limitations period during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But equitable tolling is not frequently available. To qualify, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) extraordinary circumstances prevented him from filing their habeas petition on time. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The parties do not contest that Kennedy's limitations period began running on June 6, 2013. Kennedy, however, contends that his limitations period should be equitably tolled. Because he fails to demonstrate that extraordinary circumstances prevented him from filing his petition before the expiration of AEDPA's limitations period, his petition is untimely and should be dismissed with prejudice.

/ / /

### A. Equitable Tolling

Kennedy objects to the R&R's conclusion that equitable tolling does not apply. Kennedy contends that it should apply such that the limitations period did not end until February 15, 2017. Kennedy bears the burden of establishing that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

To establish that equitable tolling applies, Kennedy must demonstrate that extraordinary circumstances were the proximate cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). In his objections to the R&R, Kennedy asserts the "extraordinary circumstance" of "ineffective assistance of counsel during his state post-conviction proceeding." (Doc. 15 at 2). But Kennedy fails to explain why this alleged ineffectiveness of PCR counsel prevented him from filing his federal habeas petition within the required time. He therefore does not "show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060–61 (9th Cir. 2007).

Further, *Martinez v. Ryan*, 566 U.S. 1 (2012), does not apply here. *Martinez* recognized a narrow set of circumstances in which the procedural default of a claim of ineffective assistance of trial counsel can be excused because of the ineffectiveness of counsel in PCR proceedings. *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012). *See also Davila v. Davis*, ___ U.S. ___, 137 S. Ct. 2058, 2062–63 (2017) (stating that *Martinez* applies "in a single context—where the State effectively requires a defendant to bring [an ineffective-assistance-of-trial counsel] claim in state postconviction proceedings rather than on direct appeal."). But that is not the situation here. *Martinez* does not apply to tolling the limitations of § 2244(d). *See Lambrix v. Sec'y, Florida Dept. of Corr.*, 756 F.3d 1246, 1249 (11th Cir. 2014) ("the equitable rule in *Martinez* applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding and has no application to the operation or tolling of the § 2244(d) state of limitations for filing a § 2254 petition"); *Madueno v. Ryan*,

No. CV-13-01382-PHX-SRB, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014) ("*Martinez* has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court.").

"[T]he threshold necessary to trigger equitable tolling under AEDPA is very high." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (alterations omitted). Kennedy has failed to establish that extraordinary circumstances prevented him from timely filing his habeas petition. *Pace*, 544 U.S. at 418. He has failed therefore to demonstrate that the limitations period in § 2244(d) should be tolled because of equitable concerns.

### B. Actual Innocence

Kennedy objects to the R&R's observation that Kennedy "ma[de] no claim that the Court should apply the "actual innocence gateway" to excuse the timeliness of this proceeding." (Doc. 14 at 6). In *McQuiggin v. Perkins*, the Supreme Court held that an actual innocence claim may serve as a "gateway" to overcome a statute of limitations bar to a habeas claim. 569 U.S. 383, 386 (2013). To access this gateway, however, a petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* Kennedy's petition presents no new evidence that would prevent a reasonable juror from finding him guilty beyond a reasonable doubt. Thus, even assuming that Kennedy did bring an actual innocence claim in his petition (which is far from clear), the claim would fail and does not therefore allow Kennedy to avoid the limitations period of § 2244(d).

### C. Certificate of Appealability

A certificate of appealability should issue "when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not find it debatable whether Kennedy's petition states valid claims of the denial of his constitutional rights, nor would they debate whether Kennedy's claims were untimely under § 2244(d). If Kennedy appeals this ruling, the Court declines to issue

a certificate of appealability.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Magistrate Judge Willett (Doc. 14) is adopted.

**IT IS FURTHER ORDERED** that Petitioner Bradley William Kennedy's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 8th day of March, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge